UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE R. REDMOND, JR., <br><br> Petitioner, <br><br> v. <br><br> CHARLES E. SAMUELS, JR., <br><br> Defendant. | Civil Action No. 13-01781 (TFH) |

## MEMORANDUM OPINION

Pending before the Court are a (1) Petition for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. 2241 [ECF No. 1] and (2) Motion for Clarification on Pending Petition for a Writ of Habeas Corpus Pending Since January 07, 2013 Before the Court [ECF No. 4]. The petitioner contends that he was deprived of due process protections during disciplinary proceedings that took place at the U.S. Penitentiary-Lewisburg and that he was unlawfully transferred to a new prison as a result. Mem. of P. & A. In Support of Pet. for Writ of Habeas Corpus 2-5. The petitioner's petition reflects that he is currently incarcerated at the U.S. Penitentiary-McCreary, which is located in Pine Knot, Kentucky. Pet. 1. Because a petition for a writ of habeas corpus that was filed pursuant to 28 U.S.C. § 2241 must be filed in the district in which the petitioner is confined, *see Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (stating that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"), this Court lacks jurisdiction and will transfer the petition to the United States District Court for the Eastern District of Kentucky, which appears to have jurisdiction.

*See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988) (noting that "it would not be inappropriate" to transfer a habeas case "sua sponte to the jurisdiction of confinement"). In light of this disposition, the Court will deny as moot the petitioner's Motion for Clarification on Pending Petition for a Writ of Habeas Corpus Pending Since January 07, 2013. An appropriate order will accompany this opinion.

February 4, 2015

_____
Thomas F. Hogan
Senior United States District Judge